UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRESTONE FINANCIAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| J H M EQUIPMENT LEASING COMPANY, | ) | |
| J H MEYER ENTERPRISES, INC., | ) | |
| DOLPHIN LAUNDRY SERVICES, INC., | ) | |
| and JOHN MEYER, | ) | |
| | ) | |
| Defendants. | ) | |

## **VERIFIED COMPLAINT FOR REPLEVIN AND MONEY DAMAGES**

NOW COMES FIRESTONE FINANCIAL CORP. ("FIRESTONE"), by and through counsel, and for its Verified Complaint for Replevin and Money Damages against J H M EQUIPMENT LEASING COMPANY ("JHM"), J H MEYER ENTERPRISES, INC. ("MEYER ENTERPRISES"), DOLPHIN LAUNDRY SERVICES, INC. ("DOLPHIN"), and JOHN MEYER, states as follows:

## **PARTIES**

1. FIRESTONE is a Massachusetts corporation with its principal place of business located at 27 Christina St., Newton, MA 02461.

2. JHM is an Illinois corporation with its principal place of business located at 1080 Entry Dr., Bensenville, IL 60106.

3. MEYER ENTERPRISES is an Illinois corporation with its principal place of business located at 1080 Entry Dr., Bensenville, IL 60106.

1

4. DOLPHIN is an Illinois corporation with its principal place of business located at 1080 Entry Dr., Bensenville, IL 60106.

5. JOHN MEYER is a citizen of the State of Illinois with an address in Hinsdale, Illinois.

## JURISDICTION AND VENUE

6. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 by virtue of the fact that a substantial part of the events or omissions giving rise to FIRESTONE's claims occurred in this district and because JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER are subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL COUNTS

### First Loan

8. On or about June 29, 2012, JHM executed a Promissory Note (the "First Note") in favor of FIRESTONE for the principal amount of $45,788.00 pursuant to the contemporaneously executed Security Agreement. See First Note attached hereto as Exhibit 1.

9. JHM agreed to make payment as follows: thirty-five (35) consecutive monthly payments of $1,461.45, followed by one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance, all as set forth in detail in the First Note. See Exhibit 1.

10. Also on or about June 28, 2012, JHM and FIRESTONE entered into Security

Agreement No. 537635 (the "First Security Agreement"), wherein JHM granted FIRESTONE a security interest in all of the assets and all of the equipment used in connection with JHM's business, including the equipment specifically identified on Schedule A to the First Security Agreement (the "First Collateral"). See First Security Agreement attached hereto as Exhibit 2.

11. To induce FIRESTONE to enter into the First Note and First Security Agreement (collectively the "First Loan"), MEYER ENTERPRISES guaranteed the obligations of JHM under the First Loan (the "MEYER ENTERPRISES First Loan Guaranty"). See MEYER ENTERPRISES First Loan Guaranty attached hereto as Exhibit 3.

12. To further induce FIRESTONE to enter into the First Loan, DOLPHIN guaranteed the obligations of JHM under the First Loan (the "DOLPHIN First Loan Guaranty"). See DOLPHIN First Loan Guaranty attached hereto as Exhibit 4.

13. To further induce FIRESTONE to enter into the First Loan, JOHN MEYER personally guaranteed the obligations of JHM under the First Loan (the "JOHN MEYER First Loan Guaranty"). See JOHN MEYER First Loan Guaranty attached hereto as Exhibit 5.

14. FIRESTONE properly perfected its security interest in the First Collateral. A true and correct copy of the UCC-1 Financing Statement reflecting FIRESTONE's first priority lien in the First Collateral is attached hereto as Exhibit 6.

## Second Loan

15. On or about November 16, 2012, JHM executed a Promissory Note (the "Second Note") in favor of FIRESTONE for the principal amount of $44,165.25 pursuant to the contemporaneously executed Security Agreement. See Second Note attached hereto as Exhibit 7.

16. JHM agreed to make payment as follows: thirty-five (35) consecutive monthly payments of $1,440.75, followed by one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance, all as set forth in detail in the Second Note. See Exhibit 7.

17. Also on or about November 15, 2012, JHM and FIRESTONE entered into Security Agreement No. 538613 (the "Second Security Agreement"), wherein JHM granted FIRESTONE a security interest in all of the assets and all of the equipment used in connection with JHM's business, including the equipment specifically identified on Schedule A to the Second Security Agreement (the "Second Collateral"). See Second Security Agreement attached hereto as Exhibit 8.

18. To induce FIRESTONE to enter into the Second Note and Second Security Agreement (collectively the "Second Loan"), MEYER ENTERPRISES guaranteed the obligations of JHM under the Second Loan (the "MEYER ENTERPRISES Second Loan Guaranty"). See MEYER ENTERPRISES Second Loan Guaranty attached hereto as Exhibit 9.

19. To further induce FIRESTONE to enter into the Second Loan, DOLPHIN guaranteed the obligations of JHM under the Second Loan (the "DOLPHIN Second Loan Guaranty"). See DOLPHIN Second Loan Guaranty attached hereto as Exhibit 10.

20. To further induce FIRESTONE to enter into the Second Loan, JOHN MEYER personally guaranteed the obligations of JHM under the Second Loan (the "JOHN MEYER Second Loan Guaranty"). See JOHN MEYER Second Loan Guaranty attached hereto as Exhibit 11.

21. FIRESTONE properly perfected its security interest in the Second Collateral. A

true and correct copy of the UCC-1 Financing Statement reflecting FIRESTONE's first priority lien in the Second Collateral is attached hereto as Exhibit 12.

### Third Loan

22. On or about February 19, 2013, JHM executed a Promissory Note (the "Third Note") in favor of FIRESTONE for the principal amount of $97,882.85 pursuant to the contemporaneously executed Security Agreement. See Third Note attached hereto as Exhibit 13.

23. JHM agreed to make payment as follows: fifty-nine (59) consecutive monthly payments of $2,043.77, followed by one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance, all as set forth in detail in the Third Note. See Exhibit 13.

24. Also on or about February 19, 2013, JHM and FIRESTONE entered into Security Agreement No. 539321 (the "Third Security Agreement"), wherein JHM granted FIRESTONE a security interest in all of the assets and all of the equipment used in connection with JHM's business, including the equipment specifically identified on Schedule A to the Third Security Agreement (the "Third Collateral"). See Third Security Agreement attached hereto as Exhibit 14.

25. To induce FIRESTONE to enter into the Third Note and Third Security Agreement (collectively the "Third Loan"), MEYER ENTERPRISES guaranteed the obligations of JHM under the Third Loan (the "MEYER ENTERPRISES Third Loan Guaranty"). See MEYER ENTERPRISES Third Loan Guaranty attached hereto as Exhibit 15.

26. To further induce FIRESTONE to enter into the Third Loan, DOLPHIN guaranteed the obligations of JHM under the Third Loan (the "DOLPHIN Third Loan

Guaranty"). See DOLPHIN Third Loan Guaranty attached hereto as Exhibit 16.

27. To further induce FIRESTONE to enter into the Third Loan, JOHN MEYER personally guaranteed the obligations of JHM under the Third Loan (the "JOHN MEYER Third Loan Guaranty"). See JOHN MEYER Third Loan Guaranty attached hereto as Exhibit 17.

28. FIRESTONE properly perfected its security interest in the Third Collateral. A true and correct copy of the UCC-1 Financing Statement reflecting FIRESTONE's first priority lien in the Third Collateral is attached hereto as Exhibit 18.

### Fourth Loan

29. On or about June 17, 2013, JHM executed a Promissory Note (the "Fourth Note") in favor of FIRESTONE for the principal amount of $66,278.89 pursuant to the contemporaneously executed Security Agreement. See Fourth Note attached hereto as Exhibit 19.

30. JHM agreed to make payment as follows: fifty-nine (59) consecutive monthly payments of $1,408.23, followed by one (1) final payment in an amount sufficient to fully amortize said outstanding principal balance, all as set forth in detail in the Fourth Note. See Exhibit 19.

31. Also on or about June 17, 2013, JHM and FIRESTONE entered into Security Agreement No. 540263 (the "Fourth Security Agreement"), wherein JHM granted FIRESTONE a security interest in all JHM's personal property, including the equipment specifically identified on Schedule A to the Fourth Security Agreement (the "Fourth Collateral"). See Fourth Security Agreement attached hereto as Exhibit 20.

32. To induce FIRESTONE to enter into the Fourth Note and Fourth Security

Agreement (collectively the "Fourth Loan"), MEYER ENTERPRISES guaranteed the obligations of JHM under the Fourth Loan (the "MEYER ENTERPRISES Fourth Loan Guaranty"). See MEYER ENTERPRISES Fourth Loan Guaranty attached hereto as Exhibit 21.

33. To further induce FIRESTONE to enter into the Fourth Loan, DOLPHIN guaranteed the obligations of JHM under the Fourth Loan (the "DOLPHIN Fourth Loan Guaranty"). See DOLPHIN Fourth Loan Guaranty attached hereto as Exhibit 22.

34. To further induce FIRESTONE to enter into the Fourth Loan, JOHN MEYER personally guaranteed the obligations of JHM under the Fourth Loan (the "JOHN MEYER Fourth Loan Guaranty"). See JOHN MEYER Fourth Loan Guaranty attached hereto as Exhibit 23.

35. FIRESTONE properly perfected its security interest in the Fourth Collateral. A true and correct copy of the UCC-1 Financing Statement reflecting FIRESTONE's first priority lien in the Fourth Collateral is attached hereto as Exhibit 24.

36. JHM remains in possession and control of the First Collateral, Second Collateral, Third Collateral and Fourth Collateral (collectively the "Collateral").

## Payment Default

37. FIRESTONE has performed all of its obligations under the First Loan, Second Loan, Third Loan and Fourth Loan (collectively referred to as the "Loans").

38. JHM defaulted under the First Loan by failing to make all necessary payment when due.

39. JHM defaulted under the Second Loan by failing to make all necessary payments when due.

40. JHM defaulted under the Third Loan by failing to make all necessary payments when due.

41. JHM defaulted under the Fourth Loan by failing to make all necessary payments when due.

42. Pursuant to the Loans, FIRESTONE is entitled to contractual money damages as provided therein, both for the amount due thereunder, as accelerated, and for those damages inflicted upon the Collateral, as well as any and all additional damages specified as a remedy after default.

43. As a result of the default under the First Loan, FIRESTONE is entitled to payment of $31,253.47, after crediting JHM for all payments received pursuant to the First Loan.

44. FIRESTONE is also entitled to payment of late charges of $73.07 pursuant to the First Loan. See First Loan attached hereto.

45. FIRESTONE is further entitled to payment of fees of $70.00 pursuant to the First Loan for insufficient funds (NSF) on ACH payments. See First Loan attached hereto.

46. As a result of the default under the Second Loan, FIRESTONE is entitled to payment of $37,854.45, after crediting JHM for all payments received pursuant to the Second Loan.

47. FIRESTONE is also entitled to payment of late charges of $216.12 pursuant to the Second Loan. See Second Loan attached hereto.

48. FIRESTONE is further entitled to payment of fees of $105.00 pursuant to the Second Loan for insufficient funds (NSF) on ACH payments. See Second Loan attached hereto.

49. As a result of the default under the Third Loan, FIRESTONE is entitled to

payment of $95,123.84, after crediting JHM for all payments received pursuant to the Third Loan.

50. FIRESTONE is also entitled to payment of late charges of $306.57 pursuant to the Third Loan. See Third Loan attached hereto.

51. FIRESTONE is further entitled to payment of fees of $105.00 pursuant to the Third Loan for insufficient funds (NSF) on ACH payments. See Third Loan attached hereto.

52. As a result of the default under the Fourth Loan, FIRESTONE is entitled to payment of $68,212.02, after crediting JHM for all payments received pursuant to the Fourth Loan.

53. FIRESTONE is also entitled to payment of late charges of $211.23 pursuant to the Fourth Loan. See Fourth Loan attached hereto.

54. FIRESTONE is further entitled to payment of fees of $175.00 pursuant to the Fourth Loan for insufficient funds (NSF) on ACH payments. See Fourth Loan attached hereto.

55. For the monies due under the Loans, FIRESTONE is entitled to pre-judgment interest at the contractual rate of eighteen percent (18%) per annum, or the maximum rate permitted by law. See Exhibits 1, 7, 13, and 19.

56. FIRESTONE is further entitled to attorneys' fees and costs pursuant to the Loans. See Loans.

## COUNT I
## BREACH OF CONTRACT AGAINST JHM

57. FIRESTONE repeats and realleges paragraph 1 through 56 as though fully set forth herein in paragraph 57 of Count I of its Complaint.

58. JHM defaulted under the Loans by failing to make all necessary payments when

9

due.

59. JHM has failed and refused to make payment despite demand.

60. As a result of JHM's default under the Loans, FIRESTONE is entitled to payment of $231,324.88, plus late charges of $806.99, plus fees for insufficient funds (NSF) on ACH payments of $455.00, plus prejudgment interest at the rate of eighteen percent (18%) per annum, and attorneys' fees and costs.

WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that this Court enter Judgment in its favor and against J H M EQUIPMENT LEASING COMPANY in the amount of $231,324.88, plus late charges of $806.99, plus fees for insufficient funds (NSF) on ACH payments of $455.00, plus prejudgment interest at the rate of eighteen percent (18%) per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II
## BREACH OF GUARANTY AGAINST MEYER ENTERPRISES

61. FIRESTONE repeats and realleges paragraph 1 through 60 as though fully set forth herein in paragraph 61 of Count II of its Complaint.

62. Under the MEYER ENTERPRISES First Loan Guaranty, MEYER ENTERPRISES Second Loan Guaranty, MEYER ENTERPRISES Third Loan Guaranty and MEYER ENTERPRISES Fourth Loan Guaranty (collectively the "MEYER ENTERPRISES Guaranties"), MEYER ENTERPRISES is indebted to FIRESTONE for the amounts set forth herein with regard to the Loans.

63. MEYER ENTERPRISES has failed and refused to make payments due and owing under the MEYER ENTERPRISES Guaranties.

WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that this Court enter Judgment in its favor and against J H MEYER ENTERPRISES, INC. in the amount of $231,324.88, plus late charges of $806.99, plus fees for insufficient funds (NSF) on ACH payments of $455.00, plus prejudgment interest at the rate of eighteen percent (18%) per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT III
## BREACH OF GUARANTY AGAINST DOLPHIN

64. FIRESTONE repeats and realleges paragraph 1 through 63 as though fully set forth herein in paragraph 64 of Count III of its Complaint.

65. Under the DOLPHIN First Loan Guaranty, DOLPHIN Second Loan Guaranty, DOLPHIN Third Loan Guaranty and DOLPHIN Fourth Loan Guaranty (collectively the "DOLPHIN Guaranties"), DOLPHIN is indebted to FIRESTONE for the amounts set forth herein with regard to the Loans.

66. DOLPHIN has failed and refused to make payments due and owing under the DOLPHIN Guaranties.

WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that this Court enter Judgment in its favor and against DOLPHIN LAUNDRY SERVICES, INC. in the amount of $231,324.88, plus late charges of $806.99, plus fees for insufficient funds (NSF) on ACH payments of $455.00, plus prejudgment interest at the rate of eighteen percent (18%) per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV
## BREACH OF GUARANTY AGAINST JOHN MEYER

67. FIRESTONE repeats and realleges paragraph 1 through 66 as though fully set

forth herein in paragraph 67 of Count IV of its Complaint.

68. Under the JOHN MEYER First Loan Guaranty, JOHN MEYER Second Loan Guaranty, JOHN MEYER Third Loan Guaranty and JOHN MEYER Fourth Loan Guaranty (collectively the "JOHN MEYER Guaranties"), JOHN MEYER is indebted to FIRESTONE for the amounts set forth herein with regard to the Loans.

69. JOHN MEYER has failed and refused to make payments due and owing under the JOHN MEYER Guaranties.

WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that this Court enter Judgment in its favor and against JOHN MEYER in the amount of $231,324.88, plus late charges of $806.99, plus fees for insufficient funds (NSF) on ACH payments of $455.00, plus prejudgment interest at the rate of eighteen percent (18%) per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT V
## REPLEVIN

70. FIRESTONE repeats and realleges paragraphs 1 through 69 as though fully set forth herein in paragraph 70 of Count V of its Complaint.

71. This claim is brought pursuant to Illinois Code of Civil Procedure § 19-101 et seq., made applicable to this proceeding pursuant to 28 U.S.C. § 1652, for the collateral located in Illinois.

72. Pursuant to the Loans, FIRESTONE has a first priority security interest in the Collateral.

73. Due to JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER's failure to make payment as required under the Loans and guaranties thereof, FIRESTONE is entitled to

possession of the Collateral.

74. FIRESTONE has been unable to secure the Collateral by peaceful means.

75. JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER are wrongfully and unlawfully detaining the Collateral.

76. FIRESTONE has made demand upon JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER for the return of the Collateral, but JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER have failed and refused to return same.

77. FIRESTONE will suffer irreparable damages if the Collateral is not returned to FIRESTONE.

78. FIRESTONE is unable to determine what Collateral remains in JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER's possession and control, and does not know the condition of the Collateral in order to provide a value estimate.

79. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any laws of the state of Illinois, against the property of FIRESTONE, nor seized under any lawful process against the goods and chattels of FIRESTONE subject to such lawful process, nor held by virtue of any order for replevin, execution or attachment against FIRESTONE.

80. WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that this Court enter an Order directing the US Marshal, or any other designated officer, to use all necessary force to repossess the Collateral, or any portion thereof, from JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER, located at 1080 Entry Drive, Bensenville, Illinois 60106, or wherever it may be found, and enter judgment against upon JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER for the value of any Collateral not so returned,

plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT VI
## DETINUE

81. FIRESTONE repeats and realleges paragraphs 1 through 80 as though fully set forth herein in paragraph 81 of Count VI of its Complaint.

82. The Collateral is in JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER's possession and control.

83. JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER are wrongfully retaining possession of the Collateral, because JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER have defaulted under the terms of the Loans and guaranties thereof by failing to make timely payments when due. Under the terms of the Loans, JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER are required to surrender the Collateral to FIRESTONE.

84. FIRESTONE's right to possession of the Collateral is superior to the rights of JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER.

WHEREFORE, FIRESTONE FINANCIAL CORP. respectfully requests that the Court enter an order compelling JHM, MEYER ENTERPRISES, DOLPHIN, and JOHN MEYER to surrender the Collateral to FIRESTONE at a place and time directed by FIRESTONE within fourteen (14) days of this Court's entry of judgment.

FIRESTONE FINANCIAL CORP.,

By:   /s/ C. Randall Woolley_____
Thomas V. Askounis, Esq. (ARDC# 00077720)
C. Randall Woolley, Esq. (ARDC# 06280067)
ASKOUNIS & DARCY, P.C.

                                        444 N. Michigan Ave., Suite 3270
                                        Chicago, IL 60611
                                        312/784-2400
                                        312/784-2410 (Facsimile)
                                        taskounis@askounisdarcy.com
                                        rwoolley@askounisdarcy.com

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint for Replevin and Money Damages are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Michael Smith

Subscribed and sworn to before me

this 8th day of October, 2013

Kathleen M. Pazienza
Notary Public



KATHLEEN M. PAZIENZA
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Oct. 3, 2019

1