IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FIRESTONE FINANCIAL CORP.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 7241 |
| | ) | |
| **J H M EQUIPMENT LEASING COMPANY**, | ) | |
| **J H MEYER ENTERPRISES, INC.**, | ) | |
| **DOLPHIN LAUNDRY SERVICES, INC.**, | ) | |
| and **JOHN MEYER**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Throughout the eight months since this action was brought against John Meyer ("Meyer") and his several controlled corporations by lender Firestone Financial Corp. ("Firestone"), Meyer has been seeking to stave off what appeared from the outset to be the inevitable loss of his and their business enterprise that engages in leasing commercial laundry equipment (which equipment had been pledged as collateral for Firestone's several loans) and in related activity. In the meantime this Court has given Meyer more leeway than was probably due him, based on his repeated statements that he was in the process of obtaining counsel to represent him.[1]

Now, fully five months after Meyer filed his Answer, Affirmative Defenses and Counterclaims to Firestone's Complaint, Meyer has sought to take the offensive by seeking leave to file additional affirmative defenses and counterclaims. That extended delay without proffering any even half-persuasive justification, compounded by inconsistencies between the factual and legal positions originally taken by Meyer and what he now seeks to assert, negates

---

[1] Meanwhile a default judgment has been entered against each of Meyer's corporate co-defendants.

the existence of both good cause and excusable neglect, which are set as standards by Fed. R. Civ. P. 6(b)(1).  At least as importantly, both those inconsistencies and the demonstrably false assertions advanced by Meyer in attempted support of his current motion (see pages 2 and 3 of Firestone's just-filed Response to that motion) conclusively show that Meyer has failed miserably to satisfy the "plausibility" standard established by the Trombly-Iqbal canon.

        This Court need not provide chapter and verse as to the multiple reasons that compel denial of Meyer's motion -- Firestone's Response has effectively driven multiple nails into the coffin of Meyer's proposed pleading.  In short, Meyer's motion (Dkt.62) must be and is denied out of hand.  Meyer is free to devote his entire attention to responding to Firestone's motion for summary judgment, required to be filed on or before June 30, 2014.

                                                      */s/ Milton I. Shadur*
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  June 11, 2014